Filed: 8/7/10

Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **STEVEN WETZEL,** | Case No.: 10-6292-TC |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); |
| **CAPITAL MANAGEMENT SERVICES, LP & LVNV FUNDING, LLC,** | DEMAND FOR JURY TRIAL |
| Defendants. | |

### I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

### II. JURISDICTION

2.    Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

### III. PARTIES

Complaint – Page 1

Rcpt#:  600005759

3. Plaintiff, Steven Wetzel ("Plaintiff"), is a natural person residing in Marion County, Oregon.

4. Defendants, Capital Management Services, LP & LVNV Funding, LLC, ("Defendants") are each a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendants regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiff. Defendants' conduct violated the FDCPA in multiple ways, including the following.

9. On or about April 30, 2010, Defendant LVNV, through its agent, Derrick E. McGavic, P.C., sent Plaintiff a letter stating that the "amount of claim" was $4,108.01.

10. Approximately two months later, on or about July 17, 2010, Defendant CMS sent a letter to Plaintiff for the same debt, stating that the current amount owed was $3314.77.

11. The two balances separately given to Plaintiff by the two Defendants are

inconsistent with one another, in that balances cannot go down unless a payment is made, and Plaintiff made no payments between the two inconsistent balance statements.

12. Plaintiff does not know the true balance of the debt, and must await receipt of validation from both Defendants before deciding which balance, if any, was actually correct. However, it is clear that one or the other Defendant must have misstated the true balance of the debt.

13. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendants intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendants' actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

16. To the extent that any of Defendants' actions, detailed in paragraphs 8-12, were carried out by an employee of a Defendant, that employee was acting within the scope of his or her employment.

**COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendants for violations of the FDCPA, §§ 1692e(2)(A) and § 1692e.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 2nd day of September, 2010.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff